## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CRAIG WIGGINS and DIANE WIGGINS, h/w
2 Amanda Lane
West Chester, Pennsylvania 19380
   *Plaintiffs*

  v.

GERALD T. SALAMONE
155 Fawn Lane
Webster, New York 14580
   *Defendant*

Case No:_2:23-cv-02455_____

## **COMPLAINT**

NOW COME Plaintiffs, CRAIG WIGGINS and DIANE WIGGINS, by and through their attorneys Gawthrop Greenwood, PC, on their behalf and for their Complaint against the above named Defendant, Gerald T. Salamone allege and aver as follows:

### *PARTIES*

1. Plaintiffs, Craig Wiggins and Diane Wiggins, husband and wife, are adult individuals who reside at 2 Amanda Lane, West Chester, Chester County, Pennsylvania.

2. Defendant, Gerald T. Salamone, is an adult individual who resides at 155 Fawn Lane, Webster, Monroe County, New York.

### *JURISDICTION & VENUE*

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because there is diversity of jurisdiction and the amount in controversy exceeds $75,000.

4.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because the events giving rise to the claim occurred in that District.

## *FACTUAL ALLEGATIONS*

5.      On or about April 13, 2022, Plaintiff, Craig Wiggins was operating his motorcycle South on Romansville Road at the intersection with Lone Eagle Road, in West Bradford Township, West Chester, Chester County, Pennsylvania.

6.      On the aforementioned date and time, Defendant, Gerald T. Salamone was operating his motor vehicle West on Lone Eagle Road, when he failed to stop for a posted stop sign and drove directly into the path of Craig Wiggins, violently colliding into his motorcycle.

7.      As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff, Craig Wiggins suffered, *inter alia,* a right displaced comminuted medial clavicular fracture with AC joint sprain; contusions of his chest wall, abrasions to his left elbow, leg & foot, abrasions to his right back and groin; multiple cervical disc protrusions impacting the spinal nerves; and injury to his nervous system.

8.      As a further result of the negligence and carelessness of the Defendant, Plaintiff, Craig Wiggins has been and will be obligated to receive and undergo medical attention and to incur various medical, rehabilitation and related expenses in order to treat his injuries indefinitely into the future.

9.      As a further result of the negligence, and carelessness of the Defendant, Plaintiff, Craig Wiggins has endured tremendous physical pain and suffering, together with mental anguish, emotional trauma, stress, the loss of life's pleasures, and will

continue to suffer same for an indefinite period of time in the future, all of which may be permanent.

10.     As a direct result of the aforementioned injuries, Plaintiff, Craig Wiggins has been prevented from pursuing his normal duties, activities and occupation; pursuing his normal pleasures and the ordinary pleasures of life, all of which will or may continue in to the future, all of which may be permanent.

### *COUNT I - NEGLIGENCE*
### *(Plaintiffs v. Defendant)*

11.     Paragraphs 1-10 are incorporated as if set forth fully herein.

12.     The collision as aforementioned resulted solely from the negligence, carelessness and recklessness of Defendant and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

13.     The negligence and carelessness of Defendant, Gerald T. Salamone consisted of, *inter alia*:

      a)     failure to stop for a posted stop sign;

      b)     driving in the lane of oncoming traffic;

      c)     failure to maintain proper control of his vehicle;

      d)     failure to keep a proper lookout;

      e)     operating a motor vehicle in a careless and inattentive manner;

      f)     failure to properly brake his vehicle;

      g)     operating a motor vehicle without due care for the rights, safety, well-being and position of others under the circumstances.

WHEREFORE, Plaintiffs demand judgment against the Defendant in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), plus delay damages, interest and costs of suit.

### COUNT II
### *(Plaintiff, Diane Wiggins v. Defendant)*

14.    Paragraphs 1-13 are incorporated as if set forth fully herein.

15.    As a further result of the aforementioned, Plaintiff, Diane Wiggins, has been deprived of the companionship, comfort, services, assistance and consortium of her husband, Craig Wiggins, and she will likely be so deprived for an indefinite time in the future.

WHEREFORE, Plaintiffs demand judgment against the Defendant in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), plus delay damages, interest and costs of suit.

### JURY DEMAND

16.    Pursuant to Fed.R.Civ.P. 38(b), Plaintiffs demand a trial by jury.

Respectfully submitted:

**GAWTHROP GREENWOOD, PC**

Date:  June 27, 2023

By:    Stephen R. McDonnell
       Pa. Supreme Court No. 72858
       17 East Gay Street
       West Chester, PA 19381
       ph:    610.696.8225
       fax:    610.696.7111
       em:    smcdonnell@gawthrop.com

## VERIFICATION

Craig Wiggins and Diane Wiggins, hereby state that they are the plaintiffs in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of their knowledge, information and belief.

The undersigned understand that the statements therein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Dated: 6/2/23

_____
Craig Wiggins

Dated: 6.2.23

_____
Diane Wiggins